IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTSHAWN DAVIS, #158838**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 4:10-cv-207-DPJ-FKB**

**WARDEN WALTER TRIPPLET[1], et al.**  **RESPONDENTS**

ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Antshawn Davis, an inmate at the Walnut Grove Correctional Facility, Walnut Grove, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**I. Background**

Petitioner states that he pled guilty to murder on May 24, 2010, in the Circuit Court of Lauderdale County, Meridian, Mississippi. Pet. [1] at 1. He received a life sentence. *Id.* Petitioner argues as grounds for habeas relief the following:

> Ground 1 - Improper indictment;
> Ground 2 - Ineffective assistance of counsel;
> Ground 3 - Facts not previously heard;
> Ground 4 - Involuntary guilty plea.

Resp. [7]. Additionally, in his response [7], Petitioner states that he has "never filed any other motions for relief of [his] charge other than habeas."

**II. Analysis**

After reviewing Petitioner's application for habeas corpus relief and responses [5 & 7] and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

---

[1] Petitioner states in his response [7] filed February 11, 2011, that his custodian is Warden Walter Tripplet.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). In order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).[2] As a general matter, a habeas petition is dismissed when the petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

In order for this Court to determine if Petitioner has exhausted the state remedies available to him, an order [6] was entered on January 31, 2011, directing him to provide said information. On February 11, 2011, Petitioner filed his response [7] which stated that he has not filed any motions concerning his conviction in the state courts.

Under Mississippi law, Petitioner does not have a right to a direct appeal to the Mississippi Supreme Court since he pled guilty. Miss. Code Ann. § 99-35-101 (1972). Petitioner does, however, have an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Mississippi Code Annotated §§ 99-39-1 to -29 (1972). Petitioner has three years after the entry of judgment of the conviction to file a motion under this statute. Miss. Code Ann. §§ 99-39-5 (2) (1972), as amended. Petitioner states that he was convicted on May 24, 2010, and is clearly within the time period to file such a motion. Because Petitioner has not exhausted his available state court

---

[2]The petitioner is not excused from exhausting available state court remedies merely because he is *pro se* or ignorant of the law. *See Fisher v. Johnson*, 174 F.3d 710, 714 n. 13 (5th Cir. 1999)(*citing Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)(providing that pro se status and ignorance of the law does not constitute "cause" for failing to present a legal claim in a petition previously filed)); *Hannah v. Conley*, 49 F.3d 1193, 1196-97 (6th Cir. 1995)(*citing Ewing v. McMackin*, 799 F.2d 1143, 1151 (6th Cir. 1986)(determining that status as a pro se litigant does not excuse the failure to raise issues in state court)).

remedies through the Mississippi Post-Conviction Collateral Relief Act, this Court finds that Petitioner has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c). As such, Petitioner's request for habeas relief will be denied for failure to exhaust his state court remedies which are available to him.

### III. Conclusion

Petitioner's request for habeas relief is dismissed without prejudice based on his failure to exhaust his state court remedies.

A Final Judgment in accordance with this Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 23rd day of March, 2011.

                                         s/ *Daniel P. Jordan III*
                                         UNITED STATES DISTRICT JUDGE